Aaron W. Baker, OSB No. 922220
Email: aaron@awbakerlaw.com
Serena L. Liss, OSB No. 154799
Email: serena@awbakerlaw.com
BAKER LAW PC
1000 SW Broadway, Suite 2300
Portland, OR 97205
Phone: 503/ 234-8800
Fax: 503/ 525-0650

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DYLAN JESSEN**, | Case No. 3:24-cv-01676 |
| Plaintiff, | COMPLAINT |
| v. | Unlawful Employment Practices |
| **UBH OF OREGON, LLC dba CEDAR HILLS HOSPITAL,** | (29 U.S.C. § 2615; ORS 659A.109; ORS 659A.112; ORS 659A.183; ORS 659A.199; Wrongful Discharge) |
| Defendant. | **DEMAND FOR JURY TRIAL** |

**Nature of the Action**

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages, and attorney fees for himself to redress injuries done to him by Defendant, and/or officers, employees, or agents of said Defendant in contravention

Page 1 – COMPLAINT

of his federally protected rights in violation of 29 U.S.C. § 2615 and his state
protected rights in violation of Oregon anti-discrimination laws ORS 659A.109,
ORS 659A.112, ORS 659A.183, ORS 659A.199 and common law wrongful discharge.

### Jurisdictional Allegations

2.

The court has jurisdiction over Plaintiff's federal claims pursuant to
42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over
Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from
the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to
28 U.S.C. § 1391(b) because all or substantially all the events or omissions giving
rise to the claims occurred in this judicial district.

### General Factual Allegations

4.

Defendant was and is at all material times herein mentioned a Delaware
Limited Liability Corporation with its principal place of business in Portland,
Oregon. Defendant does business as Cedar Hills Hospital.

5.

Defendant transacted business, including but not limited to hiring and
employing Plaintiff, in Portland, Oregon.

6.

Plaintiff is and was domiciled in Portland, Oregon at all material times
herein.

7.

At all material times herein, Plaintiff was supervised by Defendant's
employees, agents, and/or management, and Plaintiff relied on the actual or
apparent authority of Defendant's employees, agents, and management.

Page 2 – COMPLAINT

8.

Defendant discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to discrimination, and retaliated against Plaintiff for engaging in various protected activities.

9.

Defendant hired Plaintiff on or about January 25, 2021 as a Mental Health Technician ("MHT"). Plaintiff was good at his job. He was promoted and given wage increases during his tenure with Defendant. Plaintiff was asked to become a HWC trainer. Plaintiff was promoted to MHT II on or about May 9, 2021. Plaintiff was promoted to MHT III on or about December 19, 2021. At the end of Plaintiff's employment, after taking on several additional duties, he held the position of Milieu Specialist.

10.

Plaintiff suffers from a serious medical condition which affects one or more major life activity, including but not limited to thinking, concentrating, reading, and working. Despite Plaintiff's disability, his perceived disability and/or record of his disability, he was able, with or without accommodation, to perform each essential function of his position with Defendant.

11.

From on or about January 3, 2024, through in or about April 3, 2024, Plaintiff took protected medical leave for his serious medical condition after suffering a panic attack at work.

12.

When Plaintiff took leave, Defendant indicated that Plaintiff's position was secure, and that Defendant wanted Plaintiff to get better and return to work.

13.

After Plaintiff's return to work Plaintiff was often called into the Chief Nursing Officer's ("CNO") office. On one occasion Plaintiff thought the CNO wanted

Page 3 – COMPLAINT

to talk about accommodations for Plaintiff's disability. Instead, the CNO and previously acting CNO micromanaged Plaintiff, including asking Plaintiff why he spoke to a patient for so long, telling him was not doing things the right way, and stating he had to get everything done by the end of the day or they would pull him off of the floor.

14.

Plaintiff continued regularly being pulled into offices by management and being micromanaged. Plaintiff was also yelled at and demeaned by his supervisor after his return from leave. Supervisors would also come into the security office where Plaintiff worked to micromanage and demean Plaintiff.

15.

On or about a day or two before Plaintiff's termination there was an incident with a violent patient ("code ten") during which time Plaintiff's supervisor became upset, stormed off, and yelled and cursed at Plaintiff.

16.

On or about May 9, 2024, Plaintiff met with the CNO to verbally report the incident, and later emailed the CNO a written report of the incident.

17.

As a result of the incident Plaintiff was pulled from his HWC duties and was only allowed to perform inventory specialist duties.

18.

To Plaintiff's knowledge, his supervisor was not pulled from any duties or disciplined in any meaningful way. On Plaintiff's information and belief, Plaintiff's supervisor had acted similarly inappropriate in the past.

19.

Defendant terminated Plaintiff's employment on or about May 15, 2024.

///

///

Page 4 – COMPLAINT

**First Claim for Relief**

**ORS 659A.183 – OFLA Interference, Discrimination, and/or Retaliation**

20.

Plaintiff realleges paragraphs 1 through 19 above as fully set forth herein.

21.

At all material times, Defendant employed at least 25 employees in Oregon.

22.

At all material times, Plaintiff worked an average of at least 25 hours per week.

23.

Plaintiff inquired about, utilized, and/or attempted to utilize leave that was protected under Oregon law.

24.

As set forth above, Defendant interfered with, discriminated against, and/or retaliated against Plaintiff for invoking, utilizing, and/or attempting to utilize leave protected under the Oregon Family Leave Act ("OFLA") by taking adverse employment actions against Plaintiff, including but not limited to micromanaging Plaintiff, subjecting him to a hostile work environment, removing duties from Plaintiff's position, disciplining him, and/or discharging him.

25.

As a result of Defendant's violation of the law, Plaintiff has incurred economic damages including but not limited to lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities, in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

///

///

Page 5 – COMPLAINT

26.

Defendant's conduct was willful, malicious, and/or done with reckless indifference to Plaintiff's state protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

27.

Plaintiff is entitled to recover his reasonable attorney fees, expert fees, costs, and disbursements pursuant to ORS 659A.885.

## **Second Claim for Relief**

### **29 U.S.C. § 2615 – FMLA Interference, Discrimination, and/or Retaliation**

28.

Plaintiff realleges paragraphs 1 through 27 above as fully set forth herein.

29.

At all material times, Defendant employed at least 50 employees in the United States.

30.

At all material times, Plaintiff worked at least 1,250 hours during the 12-month period immediately preceding the leave.

31.

Plaintiff inquired about, utilized, and/or attempted to utilize leave that was protected under federal law.

32.

As set forth above, Defendant, interfered with, discriminated against, and/or retaliated against Plaintiff for invoking, utilizing, and/or attempting to utilize leave protected under the Family and Medical Leave Act ("FMLA") by taking adverse employment action against Plaintiff, including but not limited to micromanaging Plaintiff, subjecting him to a hostile work environment, removing duties from Plaintiff's position, disciplining him, and/or discharging him.

Page 6 – COMPLAINT

33.

As a result of Defendant's violation of the law, Plaintiff has incurred economic damages including but not limited to lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities, in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

34.

Plaintiff is entitled to interest on the amount of damages alleged in Paragraph 33 calculated at the prevailing rate pursuant to 26 U.S.C. § 2617(a)(1)(A)(ii).

35.

Plaintiff is entitled to liquidated damages equal to the sum of the amount described in Paragraph 33 plus the interest described in Paragraph 34 pursuant to 26 U.S.C. § 2617(a)(1)(A)(iii).

36.

Defendant's conduct was willful, malicious, and/or done with reckless indifference to Plaintiff's federally protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

37.

Plaintiff is entitled to recover his reasonable attorney fees, expert fees, costs, and disbursements pursuant to pursuant to 26 U.S.C. § 2617(a)(3).


## **Third Claim for Relief**

### **ORS 659A.112 – Disability/Perceived Disability Discrimination**

38.

Plaintiff realleges paragraphs 1 through 37 above as fully set forth herein.


Page 7 – COMPLAINT

39.

At all material times, Plaintiff is a qualified person with a disability as defined by ORS 659A.104.

40.

Defendant knew about Plaintiff's disability at all material times.

41.

Alternatively, Defendant perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

42.

Defendant took adverse employment actions against Plaintiff in violation of his state-protected rights, including but not limited to micromanaging Plaintiff, subjecting him to a hostile work environment, removing duties from Plaintiff's position, disciplining him, and/or discharging him. Plaintiff's disability and/or perceived disability were but for causes of Defendant's adverse employment actions in violation of ORS 659A.112.

43.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic damage in an amount to be proven at trial, including but not limited to damages for loss of employment, lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities.

44.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer stress, sadness, anxiousness, fear, malaise, anger, lethargy, sleepless nights, humiliation, inconvenience, loss of confidence, and

Page 8 – COMPLAINT

loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

45.

Pursuant to ORS 20.107 and ORS 659A.885, Plaintiff is entitled to recover his reasonable attorney fees, expert fees, costs, and disbursements.

46.

Defendant's conduct was willful, malicious, and/or done with reckless indifference to Plaintiff's state protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

47.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice with constitutes unlawful discrimination and/or retaliation under Oregon law.

## **Fourth Claim for Relief**

### **ORS 659A.109 – Disability/Perceived Disability Retaliation**

48.

Plaintiff realleges paragraphs 1 through 47 above as fully set forth herein.

49.

Plaintiff engaged in protected activity under ORS 659A.109, including but not limited to requesting reasonable accommodations and attempting to engage in the interactive process for his medical condition.

50.

Defendant retaliated against Plaintiff in the terms and conditions of his employment, including but not limited to micromanaging Plaintiff, subjecting him to a hostile work environment, removing duties from Plaintiff's position,

Page 9 – COMPLAINT

disciplining him, and/or discharging him in violation of ORS 659A.109 for engaging in protected activity.

51.

Plaintiff realleges his damages as stated in paragraphs 43 through 47 above.

### Fifth Claim for Relief

### Wrongful Discharge

52.

Plaintiff realleges paragraphs 1 through 51 above as fully set forth herein.

53.

At all material times, the public policy of Oregon prohibits an employer from retaliating against an employee for inquiring about and/or invoking his rights and/or utilizing and/or attempting to utilize protected OFLA leave. This public policy is embodied in common law, statutes, and regulations of the State of Oregon and the United States protecting the public and employees including but not limited to ORS 659A.183; OAR 839-099-0200, *et seq.*; and *Yeager v. Providence Health System Oregon*, 195 Or. App. 134 (2004).

54.

Defendant, through its agents and/or employees, violated the above public policies by interfering with, discriminating, and/or retaliating against Plaintiff for inquiring about and/or invoking his rights and/or utilizing and/or attempting to utilize protected medical leave. The discharge was unlawful and in violation of the public policy of the State of Oregon.

55.

Defendant's discharge of Plaintiff was in retaliation for Plaintiff's pursuit and exercise of Plaintiff's rights related to Plaintiff's role as an employee, which are of important public interest.

**BAKER LAW PC**
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

56.

Plaintiff realleges his damages as stated in paragraphs 43 through 47 above.

## Sixth Claim for Relief

### ORS 659A.199 – Whistleblower Retaliation

57.

Plaintiff realleges paragraphs 1 through 56 above as fully set forth herein.

58.

Defendant retaliated against Plaintiff in the terms and conditions of his employment by subjecting him to adverse employment actions, including but not limited to micromanaging Plaintiff, subjecting him to a hostile work environment, removing duties from Plaintiff's position, disciplining him, and/or discharging him in substantial part for reporting in good faith information Plaintiff believed was evidence of violations of federal and/or state laws, rules, or regulations.

59.

In perpetrating the actions described in the above paragraphs, Defendant violated ORS 659A.199, causing Plaintiff to suffer damages.

60.

Plaintiff realleges his damages as stated in paragraphs 43 through 47 above.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For permanent injunctive relief enjoining Defendant, its officers, employees, and agents from engaging in any harassment or discrimination, or for retaliating against any employee opposing unlawful employment practices;

2. Economic damages and future losses to be determined at trial;

Page 11 – COMPLAINT

3.      Non-economic damages to be determined at trial;

4.      Liquidated damages in an amount to be determined at trial;

5.      Interest in an amount to be determined at trial;

6.      Punitive damages in an amount to be determined at trial;

7.      Reasonable costs and attorney fees; and

8.      For such other and further relief as the Court may deem just and equitable.


DATED this 2nd day of October, 2024.


                        BAKER LAW PC


                        *s/Aaron W. Baker*
                        Aaron W. Baker, OSB No. 922220
                        Serena L. Liss, OSB No. 154799
                        Attorneys for Plaintiff

Page 12 – COMPLAINT